**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriela Giambalvo, | No. CV-22-01856-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tempe, et al., | |
| Defendants. | |

The Court now considers Plaintiff's Motion for Attorneys' Fees (Doc. 96).  The Motion is fully briefed.  The Court **denies** the Motion for the following reasons.

## I.    BACKGROUND

Plaintiff accepted Defendant City of Tempe's offer of judgment (the "Offer") pursuant to Rule 68 of Federal Rules of Civil Procedure.  (Doc. 93).  The Offer, in relevant part, provided: "[The City] hereby offers to allow judgment to be taken against it in the amount of $30,000.00 in full resolution of any and all claims by Plaintiff, including fees and costs."  (Doc. 93-1 at 2.)  Plaintiff's acceptance stated that they "intend[] to move for an award of statutory attorney's fees and costs" because "[a]lthough the Offer references 'fees and costs,' it does not clearly and unambiguously state that attorneys' fees and costs are included within the $30,000.00 judgment amount."  (Doc. 93 at 2.)  Plaintiff thus filed the present Motion.

## II.    LEGAL STANDARD

"The Ninth Circuit has stated that a Rule 68 offer of judgment 'must be clear and

unambiguous' in waiving or limiting attorneys' fees (and costs)." *Medina v. Gilbert Mega Furniture, LLC*, No. CV-16-04033-PHX-SPL, 2019 WL 3778406, at *1 (D. Ariz. Aug. 12, 2019) (quoting *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833 (9th Cir. 1997)). Specifically, "where the underlying statute does not make attorney fees part of costs, it is incumbent on the defendant making a Rule 68 offer to state clearly that attorney fees are included as part of the total sum for which judgment may be entered if the defendant wishes to avoid exposure to attorney fees in addition to the sum offered plus costs." *Nusom*, 122 F.3d at 834. Thus, "a Rule 68 offer for judgment in a specific sum together with costs, which is silent as to attorney fees, does not preclude the plaintiff from seeking fees when the underlying statute does not make attorney fees a part of costs." *Id.* at 835. Any "ambiguities in a Rule 68 offer are typically construed against the offeror." *Id.* at 833.

### III.    DISCUSSION

The Court finds that the Offer precludes Plaintiff's request for attorneys' fees. Again, the City offered "$30,000.00 in full resolution of any and all claims by Plaintiff, including fees and costs." (Doc. 93-1 at 2.) Read plainly, the Offer uses broad language to settle all claims and any fees and costs associated with those claims. The Court is not convinced that this broad language does not include attorneys' fees. Indeed, Plaintiff does not suggest that the word "fees," as used in the Offer, does not include attorney's fees. In fact, the cases on which Plaintiff relies all involve offers of judgment that do not use the word "fees." *See Nusom*, 122 F.3d at 833 (construing an offer of "$15,000.00, together with costs accrued to the date of this offer"); *Medina*, 2019 WL 3778406, at *1 (construing an offer of "$1,559.98, as resolution for Plaintiff Larry Berisford's claims asserted in this action); *Erdman v. Cochise County*, 926 F.2d 877, 878 (9th Cir. 1991) (construing an offer of "($7,500.00) with costs now accrued").

Plaintiff contends that "[t]he phrase 'including fees and costs' modifies the immediately preceding noun phrase 'any and all claims by Plaintiff', identifying which claims are being resolved, rather than specifying what the $30,000.00 covers." (Doc. 96 at 3.) "The Offer never states that fees must come out of the $30,000.00, that the amount

is 'inclusive of' fees, or that no separate fee recovery is permitted." (*Id.*) Plaintiff goes on to note that "[a]n offer that resolves 'all claims including fees and costs' describes what claims are being settled; an offer for '$30,000.00 inclusive of attorneys' fees' describes how the money is to be allocated." (*Id.*) In Plaintiff's view, "[t]he Offer employs the former construction." The Court is unpersuaded by this argument.

The Court does not otherwise understand the important Plaintiff's syntax-based argument. Plaintiff claims that the phrase "including fees and costs" modifies the phrase "any and all claims by Plaintiff." (Doc. 96 at6 3.) Under Plaintiff's proposed reading, the $30,000 was offered in resolution of all claims, including claims for fees and costs. Even accepting this argument as true, the Court does not see how this would demand a different outcome. Under Plaintiff's proposed interpretation, the $30,000 would resolve any claim for fees and any claim for costs. It is unclear how the offer would not work to settle a claim for attorney's fees, which is plainly a claim for fees.

The Court is also unpersuaded by Plaintiff's argument that the Offer's "disclaimer" otherwise suggests that the $30,000 does not include attorneys' fees. The disclaimer reads: "This offer of judgment is made for the purposes specified in Rule 68, and is not to be construed as an admission that the City is liable for any damages, costs or attorney's fees, or that Plaintiff is entitled to them." (Doc. 93-1 at 3.) Plaintiff contends that "[i]f fees were already included within the $30,000.00, the City would have no reason to disclaim liability for fees it had agreed to pay." (Doc. 96 at 4.) The Court disagrees. Plaintiff would agree that the Offer resolves issues pertaining to damages. Still, the disclaimer applies to damages. Accordingly, the disclaimer does little to undermine the plain language of the Offer.

…

…

…

…

…

- 3 -

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion for Attorneys' Fees (Doc. 96).

Dated this 19th day of May, 2026.

_____
Honorable Susan M. Brnovich
United States District Judge